# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0221, <u>Robert V. Towle v. Commissioner, New Hampshire Department of Corrections</u>, the court on February 26, 2021, issued the following order:**

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  The plaintiff, Robert V. Towle, appeals an order of the Superior Court (<u>Kissinger</u>, J.), following a hearing, denying his petition pursuant to RSA chapter 91-A (2013 & Supp. 2020), in which he sought to compel the disclosure of an e-mail exchange between an official of the New Hampshire State Prison, where he is currently incarcerated, and the parent of a minor child with whom the plaintiff has no legal relationship and to whom he sought to send a book.  After reviewing the e-mail exchange <u>in camera</u>, the trial court concluded that it was exempt from disclosure under RSA 91-A:5, IV.  On appeal, the plaintiff argues that the trial court misapplied the applicable balancing test and erred by ruling that information in the e-mails was confidential, by relying upon the personal nature of the e-mails and the "penological concerns" of the defendant, by determining that disclosing the e-mails would result in an invasion of privacy, by not making sufficient findings of fact, and by not ordering disclosure of the e-mails with redactions to the identifying information.  We affirm.

RSA 91-A:4, I, provides "[e]very citizen" with "the right to inspect all governmental records in the possession, custody, or control of . . . public bodies or agencies . . . and to copy and make memoranda or abstracts of the records or minutes so inspected, except as otherwise prohibited by statute or RSA 91-A:5."  RSA 91-A:5, IV, in turn, exempts from disclosure any "[r]ecords pertaining to . . . confidential information . . . and other files whose disclosure would constitute invasion of privacy."  We construe provisions of the Right-To-Know law favoring disclosure broadly and exemptions from disclosure narrowly, mindful that the purpose of the statute is to ensure the greatest possible public access to the actions, discussions, and records of public entities and the accountability of such public entities to the people.  <u>Lambert v. Belknap County Convention</u>, 157 N.H. 375, 378-79 (2008).

When reviewing exemptions from the Right-To-Know law, we balance the public's interest in disclosure against relevant interests in nondisclosure of the information at issue, and absent disputed facts, we review the trial court's balancing of such interests <u>de novo</u>.  <u>Union Leader Corp. v. N.H. Housing Fin. Auth.</u>, 142 N.H. 540, 555 (1997).  Whether information is "confidential" for

purposes of RSA 91-A:5, IV is determined objectively, and turns upon the potential harm that will result from disclosure of the information after weighing the benefits of disclosing the information against the benefits of nondisclosure. Id. at 553-54. Relevant factors in assessing the confidentiality of information include whether disclosing the information is likely to impair the State's ability to obtain necessary information in the future and whether disclosure is likely to cause substantial harm to the person from whom the information was obtained. See id. at 554. Similarly, in determining whether disclosure of records would constitute an "invasion of privacy" under RSA 91-A:5, IV, we: (1) determine whether there is, objectively, a privacy interest that would be invaded by the disclosure; (2) consider the public's interest in disclosure, that is, whether disclosing the information will in fact inform the public about the conduct and activities of the government; and (3) balance the public's interest in disclosure against the interest of the government and the privacy interest of the individual in nondisclosure. Lambert, 157 N.H. at 382-83.

In this case, the trial court, after reviewing the e-mails in camera, determined that: (1) the e-mails contain confidential information; (2) the content of the e-mails was personal in nature and revealed the parent's concern regarding the well-being of her minor child; (3) the public's interest in disclosure of the e-mails, based upon their content, was "very low"; (4) because the content of the e-mails concerned the welfare of a minor child, the government's interest in nondisclosure was high; and (5) disclosing the e-mails would violate the privacy interests of the parent and her minor children. Having reviewed the e-mails, we agree with the trial court that they are exempt both because they concern confidential information and because their disclosure would constitute an invasion of privacy. As the trial court correctly determined, the content of the e-mails concerns objectively confidential privacy interests regarding a parent's concerns for the safety and well-being of her child. See Lambert, 157 N.H. at 382-83; Union Leader Corp., 142 N.H. at 553. Disclosing such information to the public would not serve the public interest by informing it about the conduct and activities of its government, but would only reveal the private concerns of the parent regarding the welfare of her child to the detriment of the parent and child, and might dissuade parents from sharing similar concerns with prison officials in the future. See Lambert, 157 N.H. at 383; Union Leader Corp., 142 N.H. at 554. Under these circumstances, we conclude that the public's interest in disclosure is substantially outweighed by the interests of the prison, the parent, and the child in not disclosing the e-mails. See Lambert, 157 N.H. at 383; Union Leader Corp., 142 N.H. at 553-54. Accordingly, we conclude that the trial court did not err by denying the plaintiff's Right-To-Know law claim.

To the extent the plaintiff argues that the trial court's findings of fact were deficient, we conclude that they were sufficient, under the circumstances of this case, to allow for appellate review. See Birch Broad. v. Capitol Broad. Corp., 161 N.H. 192, 201 (2010). To the extent he argues that the trial court

erred by not ordering the disclosure of the e-mails with redactions to identifying information, we agree with Commissioner of the New Hampshire Department of Corrections that redacting such information, under the circumstances of this case, would have neither excised all exempt information nor protected the privacy and confidentiality interests at issue. In light of this order, we need not address the plaintiff's remaining arguments.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**